# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

LAYTON HENSLEY V. COMMONWEALTH OF VIRGINIA.

November 15, 1934.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*Hammer & Hammer,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

HOLT, J., delivered the opinion of the court.

At the October term, 1933, of the Circuit Court of Rockingham county, a grand jury returned an indictment in

which it was charged that petitioner, Layton Hensley, did feloniously and with malice make an assault upon one Grover Phillips. In due course a trial was had and on December 9, 1933, a jury found the accused guilty and fixed his punishment at five years' confinement in the penitentiary. That verdict the trial court approved.

On the night of October 16, 1933, at Fairview schoolhouse in that county, under church auspices there was held an oyster supper and lawn party. Among the amusements provided was a cakewalk in which the accused and his sister, Miss Arbutus, were numbered among the competitors. They won the prize but the award was contested. The protest was upheld and it was agreed that they should "walk it over." They walked once more and won again, and it was out of this incident the trouble came. There is no doubt about the fact that someone struck Phillips over the head several times with a blunt instrument. He was wounded severely but not dangerously. With the assault established it is only necessary to find the assailant. A jury was of the opinion that Layton Hensley was the guilty party, and the trial judge was of the opinion that the evidence sustained its verdict.

For the defendant it was contended that the assault was made by Hurtle, the son of Hensley. Hurtle said that Phillips applied to his father a foul epithet, struck him, and with his friends was "ganging in" upon him when he came to the rescue, caught up a paling, and inflicted the wounds for which his father stands convicted.

Forty witnesses have undertaken to tell us what happened at the festival. Since this case must be tried again upon its merits we shall not undertake to comment upon their testimony.

Among errors assigned is the giving of Instruction 5 on behalf of the Commonwealth. This is that instruction: "The jury are instructed that even though Hurtle Hensley has testified it was he who inflicted the blow on the head of Phillips, and that his father, Layton Hensley, did not do so, yet, as to this witness, as with all other witnesses, the jury

are the sole judges as to the weight and credibility to be given to his testimony."

The court had already, in Instruction 2, properly told the jury how it should consider and weigh testimony. That instruction reads: "The court instructs the jury that in determining weight to be given the testimony of different witnesses in this case, the jury are authorized to consider the relationship of the witness to the parties, if the same is proved; their interest, if any, in the result of this case; their temper or feeling, or bias, if any has been shown; their demeanor whilst testifying; their apparent intelligence; their means of information, and to give such credit to the testimony of such witnesses as under all the circumstances, such witnesses seem to be entitled."

With this instruction given, it was error to single out Hurtle Hensley and to tell the jury that they were the sole judges of his credibility. They were the judges of the credibility of every witness. It was error to single out, emphasize, and give undue prominence to any particular bit of testimony. These matters, in this State, under settled rules, are within the province of the jury. Moreover, the instruction was exceedingly harmful in that the jury might well have gathered from it that the judge did not believe Hurtle had told the truth. Whatever the facts may have been, this was a fair deduction.

In *Jarrell* v. *Commonwealth*, 132 Va. 551, 110 S. E. 430, 436, the court was called upon to consider this instruction, tendered and refused: "The court instructs the jury that if they believe that Harry Jarrell and J. P. Thomas, or either of them, have knowingly testified untruthfully on any material matter in this case, they are at liberty to disregard the whole of their testimony."

It commented upon the fact that in certain jurisdictions instructions of like nature are approved, but said: "Our own views upon the subject under consideration are as follows: The credibility of witnesses is so peculiarly and exclusively within the province of the jury that we think it would be improper for the court to give such an instruction

as that under consideration, which was refused in the case before us, because of its singling out by name certain witnesses. We think that naming of any particular witness or witnesses in such an instruction would tend to lodge upon the minds of the jury the impression that the trial judge is not satisfied as to the truth of the testimony of the witness or witnesses mentioned, which would certainly be an improper invasion of the province of the jury. If indeed it is an admitted or uncontroverted fact, or there is clear and convincing evidence in the case that a witness or witnesses therein has or have wilfully, or, which is the same thing, knowingly, testified untruthfully on any material matter such an instruction as that under consideration may, in the discretion of the trial court, be properly given, if couched in general terms, to the effect that, if the jury believe from the evidence that any witness or witnesses in the case have so testified they are at liberty to disregard the whole of their testimony. But the trial judge should, as to such an instruction, in every case act with caution; he should never give such an instruction unless from all the evidence he believes that wilful false swearing has been done; and even then he should refuse to give such an instruction if he feels that the jury would be warranted by the evidence in coming to a different conclusion as to such testimony."

This statement of the law was approved in *Limbaugh* v. *Commonwealth,* 149 Va. 383, 140 S. E. 133.

In the late case of *Evans* v. *Commonwealth,* 161 Va. 992, 170 S. E. 756, 763, we approved the action of a trial court in rejecting this instruction: "The court instructs the jury, that in the case at bar the defendant, McKinley Evans, is a competent witness in his own behalf, and that you should weigh and consider his evidence in accordance with the same principles that should actuate you in weighing and considering the evidence of the other witnesses in the case, and the jury are instructed that you can not arbitrarily disregard or reject his testimony because he is charged with an offense."

We said that the weight of this testimony was for the jury and that an instruction should neither discredit it nor stamp it with approval. See also *Rasnake* v. *Commonwealth,* 135 Va. 677, 115 S. E. 543; *Hash's Case,* 88 Va. 172, 13 S. E. 398. This rule was violated in the instant case.

We find no other error in the record.

For reasons stated the judgment of the trial court is set aside and this case is remanded for a new trial.

*Reversed and remanded.*